COPY

1   Katya J. Culberg (SBN 215288)
    Associate Counsel
2   WRITERS GUILD OF AMERICA, WEST, INC.
    7000 W. Third Street
3   Los Angeles, California 90048
    Tel:  (323) 782-4521
4   Fax: (323) 782-4806
    kculberg@wga.org
5
    Attorneys for Petitioner
6

7

8            IN THE UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10
                                    CV10  4834   PA  (SHx)
11  WRITERS GUILD OF AMERICA, WEST,   CASE NO.:
    INC.,
12                                    MOTION FOR ORDER
                                      CONFIRMING ARBITRATION
                        Petitioner,   OPINION AND AWARD
13                                    AND FOR ENTRY OF
    vs.                               JUDGMENT IN CONFORMITY
14                                    THEREWITH
    BRIGHT IDEAS ENTERTAINMENT,
    LLC,
15                                    DATE: 08.30.10
                                      TIME: 1:30 P.M.
                        Respondent.   CTRM: 11
16                                    HONORABLE _____

17

18               MOTION FOR ORDER

19     TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

20     Petitioner WRITERS GUILD OF AMERICA WEST, INC. ("Guild" and/or

21  "WGAW" and/or "Petitioner") respectfully avers as follows:

                              -1-

1

## JURISDICTION AND VENUE

2      This action arises under § 301(a) of the Labor Management Relations Act of

3 1947 ("LMRA"), as amended, (29 U.S.C. § 185(a)), which grants the District Court

4 original jurisdiction over suits for violation of contracts between an employer and a

5 labor organization in an industry affecting commerce, without regard to the amount in

6 controversy and without regard to the citizenship of the parties.

7      Venue is proper in this Court pursuant to § 301(a) of the LMRA, 29 U.S.C. §

8 185(a), in that the Arbitrator's Opinion and Award ("Award") sought to be confirmed

9 was issued in this District, Petitioner WGAW maintains its principal place of business

10 in the Central District of California and Respondent Bright Ideas Entertainment, LLC,

11 ("Respondent" and/or "BIE") herein has done business and continues to do business

12 in the Central District of California.

13

## PARTIES

14      At all times herein relevant, the WGAW was and is a labor organization as

15 defined in the LMRA (29 U.S.C. § 152(5) and § 142(3)), and was and is representing

16 employees, including writer Jeff Stetson in an industry affecting commerce as defined

17 by LMRA (29 U.S.C. §§ 152(6) and (7) and § 142(1)).

18      At all times herein relevant, the WGAW has maintained and continues to

19 maintain its principal place of business in Los Angeles, California, within the Central

20 District of California.

21

W:\Compensation cases\CO09039\PTC\06.22.10.PTC.MPMS&M.Motion.Confirm.doc

1    At all times herein relevant, Respondent was and is an employer, as defined in

2   the LMRA (29 U.S.C. § 152(2) and 29 U.S.C. § 142(3)), and was and is engaged in

3   commerce in an industry or activity affecting commerce within the meaning of the

4   LMRA (29 U.S.C. §§ 152(6), (7) and § 142(3)).

5                                 STATEMENT OF FACTS

6    Respondent Bright Ideas Entertainment, LLC, became signatory to or otherwise

7   bound by the 2004 and 2008 Writers Guild of America Theatrical and Television

8   Basic Agreements (collectively "MBA") by the signature of its authorized agent.

9    The MBA is a collective bargaining agreement between the WGAW and

10   various theatrical and television employers in the motion picture and television

11   industries, industries affecting commerce in the United States.  The MBA contains

12   arbitration provisions that govern disputes arising under its terms.

13    During the term of the MBA, on or about January 28, 2009, BIE entered into an

14   employment agreement ("Agreement") with Elisia Paul Productions, Inc. f/s/o Jeff

15   Stetson ("Stetson") in connection with the one-half hour made for basic cable

16   television series entitled "My Parents, My Sister & Me" ("Series") for Stetson to write

17   stories and teleplays for a minimum of eight (8) episodes of the Series.

18    Pursuant to the Agreement, in exchange for his services, Stetson is guaranteed

19   compensation in the amount of Twelve Thousand Two Dollars ($12,002.00) for each

20   story and teleplay payable as follows:  Seventy percent (70%) upon commencement

21   ($8,400.00); Thirty percent (30%) upon delivery of the first draft story and teleplay

1    ($3,602.00).  Additionally, pursuant to Paragraph 2.(b) of the Agreement, beginning

2    May 2, 2009, Stetson's guaranteed compensation increased from Twelve Thousand

3    Two Dollars ($12,002.00) to Twelve Thousand Four Hundred Twenty-Two Dollars

4    ($12,422.00) for each story and teleplay in connection with the Series.

5          Respondent is therefore liable for all the obligations and violations alleged

6    herein.  Respondent and Petitioners submitted the dispute to Arbitrator Tom

7    Christopher ("Arbitrator Christopher") pursuant to Articles 10, 11 and 12 of the MBA.

8                                        AWARD

9          The parties entered into a Stipulation for Entry of Arbitration Award and

10   Arbitration Award on November 11, 2009.  Arbitrator Christopher adopted the

11   parties' stipulations of fact and conclusions as his own, and issued the Award in favor

12   of Petitioner and against Respondent on November 24, 2009.  In the Award,

13   Arbitrator Christopher ordered as follows:

14          Based on the foregoing Stipulation for Entry of Arbitration

15          Award by and between WRITERS GUILD OF AMERICA, WEST,

16          INC. ("WGAW") on the one hand, and BRIGHT IDEAS

17          ENTERTAINMENT, LLC, on the other hand, the undersigned sole

18          neutral Arbitrator adopts the foregoing stipulations of fact and

19          conclusions as his own and makes the following arbitration award

20          ("Award") in favor of Complainant and against Respondent.

21          Respondent owes WGAW on behalf of Elisia Paul Productions,

1    Inc. f/s/o Jeff Stetson compensation in the amount of Seventy-Two

2    Thousand Four Hundred and Thirty-Two Thousand Dollars

3    ($72,432.00) plus interest at the rate of 1.5% per month.  The dates

4    of accrual of interest on the unpaid compensation are set out in

5    Exhibit A [*sic* "Schedule A"] attached hereto and incorporated by reference.

6    The total amount of compensation and interest due as of November 12, 2009, is

7    Seventy-Eighty Thousand Six Hundred Seventy Dollars and Thirty-Six Cents

8    ($78,670.36). ("Paragraph 2.")

9        Respondent is required to make contributions to the Pension Plan

10   and Health Fund on behalf of Jeff Stetson in the amount of $17,005.02

11   plus interest at the rate of 0.83%. The dates of accrual of interest on the

12   unpaid Pension Plan and Health Fund contributions are set out in

13   Exhibit A [*sic* "Schedule A"] attached hereto and incorporated by reference.

14   The total amount of contributions and interest due as of November 12, 2009, is

15   Eighteen Thousand, Seventy-Seven Dollars and Fifty-Nine Cents

16   ($18,077.59). ("Paragraph 3.")

17       Respondent is also required to pay to WGAW on behalf of Elisia

18   Paul Productions, Inc. f/s/o Jeff Stetson interest on late paid

19   compensation in the amount of Four Thousand Sixty-Six Dollars

20   and One Cent ($4,066.01). ("Paragraph 4.")

21       Respondent shall pay to the WGAW One Thousand Dollars

($1,000.00) for the Arbitrator's cancellation fee by 5.00 p.m. Pacific Standard Time on November 11, 2009. The WGAW will forward payment of the cancellation fee to Arbitrator Thomas Christopher. ("Paragraph 5.")

Respondents shall pay to the WGAW on behalf of Writer the amounts set out in Paragraphs 18(a)-(c) above and on Exhibit A in settlement of this Claim. Such amounts shall be paid by Respondent by cashier's check, bank draft, or wire transfer directly to the account of the WGAW pursuant to the following payment schedule:

    a. $25,000.00 on or before 5:00 p.m. on November 20, 2009.

    b. $18,952.74 on or before 5:00 p.m. on January 4, 2010.

    c. $18,952.74 on or before 5:00 p.m. on February 1, 2010.

    d. $18,952.74 on or before 5:00 p.m. on March 1, 2010.

    e. $18,952.74 on or before 5:00 p.m. on April 1, 2010.

("Paragraph 6.")

In the event that Respondent breaches the payment schedule set forth above, interest shall continue to accrue on all amounts due until the balance is paid in full. ("Paragraph 7.")

In the event that Complainant does not receive a payment in a timely manner as required in Paragraph (d), above, Complainant shall notify Respondent of such fact whereupon Respondent by electronic

mail shall have three (3) calendar days to make the payment in full or

provide written proof that Complainant received the payment in a

timely manner.  If payment in full or proof of payment is not provided

in that time period, Respondent's payment shall be considered in

default.  Notice pursuant to this paragraph shall be sent to William A.

Hollins, Bright Ideas Entertainment, LLC, 8565 Olde Pacer Pointe

Roswell, Georgia  30067, and/or by e-mail to

williamahollins@yahoo.com.  Said Notice shall be deemed

received by Respondent one business day after it is sent by

Complainant. ("Paragraph 8.")

   Immediately upon Respondent's default, and without further

notice to Respondent, all remaining payments and all interest

shall become immediately due and payable in full and interest

shall continue to accrue on the unpaid balance at the MBA rate

of 1.5% or 0.83% per month, as applicable and as provided for

on Schedule A.  ("Paragraph 9.")

   Upon any such default, Complainant may immediately elect to

enforce this Award in the United States District Court, Central

District of California or in the Los Angeles County Superior Court.

Respondent waives all defenses they may have to confirmation

of this Award, and Respondent agrees to pay attorney's fees in the

-7-

1   amount of $2,500.00 and costs to Complainant in the event it

2   becomes necessary for Complainant to institute such proceedings.

3   ("Paragraph 10.")

4   <u>WGAW, Inc. v. Bright Ideas Entertainment, LLC, and Jacob D. Marmer</u>, Case No.

5   09-CO-039, at 7-9 (Nov. 24, 2009) (Christopher, Arb.).

6       Petitioner acknowledges receipt of the arbitrator's fee paid by Respondent

7   pursuant to Paragraph 5 of the Award.  Immediately thereafter, on or about November

8   20, 2009, Respondent defaulted on the Award.

9       Immediately upon Respondent's default, and without further notice to

10  Respondent, interest commenced to accrue on the unpaid compensation at the rate of

11  1.5% per month and shall continue to accrue until all amounts are paid in full.  This

12  interest is in addition to the previously accrued interest awarded Petitioner under

13  Paragraph 2 of the Award.

14      Immediately upon Respondent's default, and without further notice to

15  Respondent, interest commenced to accrue on the unpaid Pension Plan and Health

16  Fund contributions at the rate of .83% per month and shall continue to accrue until all

17  amounts are paid in full.  This interest is in addition to the previously accrued interest

18  awarded Petitioner under Paragraph 3 of the Award.

19      Respondent has failed to pay the full amount due pursuant to the Award

20  described above, which became due on November 21, 2009, and continues to fail to

21  pay the *full* amounts due.

-8-

1   On or about December 7, 2009, Petitioner sent Respondent a demand letter for

2   the sums owed to Petitioner under the Award. Despite this Notice of default and

3   demand for immediate payment, Respondent has failed and refused and continues to

4   fail and refuse to pay the amounts due.

5   Pursuant to Article 12 of the MBA, upon any such default, Petitioner may

6   immediately elect to enforce the Award in any court of competent jurisdiction in

7   accordance with applicable law. Respondent waived all defenses it may have to the

8   confirmation of the Award based on its failure to file any mandatory cross-claims

9   under Article 10 of the MBA. Petitioner is therefore entitled to have the Award

10  confirmed in all respects and judgment entered thereon.

11  Respondent is also liable for attorney's fees in the amount of $2,500.00 and

12  costs in the amount of $350.00 to Petitioner for necessitating the commencement of

13  these proceedings.

14  ## PRAYER FOR RELIEF

15  WHEREFORE, Petitioner prays for the following Order and Judgment:

16  1.   Confirming the Award in all respects and ordering judgment in

17  conformity therewith. Specifically, entering judgment for the following amounts:

18      a.   Awarding the WGAW, on behalf of Elisia Paul Productions,

19          Inc. f/s/o Jeff Stetson, unpaid compensation in the amount of

20          $72,432.00 in conformity with Paragraph 2 of the Award.

21      b.   Awarding interest on the unpaid compensation at the rate of 1.5%

1    per month, and such interest continues to accrue until the principal

2    amount is paid in full, in conformity with Paragraph 2 of the

3    Award.  As of June 28, 2010, interest has accrued on the unpaid

4    compensation in the amount of $18,445.50.

5    c.    Awarding the WGAW, on behalf of Elisia Paul Productions,

6    Inc. f/s/o Jeff Stetson, contributions to the Pension Plan

7    and Health Fund on behalf of Jeff Stetson in the amount of

8    $17,005.02 in conformity with Paragraph 3 of the Award.

9    d.    Awarding interest on the unpaid Pension Plan and Health Fund

10    contributions at the rate of 0.83% per month, and continuing to

11    accrue until the principal amount is paid in full, in conformity with

12    Paragraph 3 of the Award.  As of June 28, 2010, interest has

13    accrued on the unpaid contributions in the amount of $2,130.55.

14    e.    Awarding the WGAW, on behalf of Elisia Paul Productions, Inc.

15    f/s/o Jeff Stetson, interest on the late paid compensation at the rate

16    of 1.5% per month in the amount of $4,066.01, in conformity with

17    Paragraph 2 of the Award.

18    f.    Awarding attorneys' fees in the amount of $2,500.00 in conformity

19    with Paragraph 9 of the Award.

20    g.    Awarding costs in the amount of $350.00.

21

1     2.     Awarding such other and further relief as the Court deems just and

2  proper.

3                              Respectfully submitted,

4                              WRITERS GUILD OF AMERICA WEST, INC.

5  DATED: 6\28\10          By: _____

6                              Katya J. Culberg
                             Attorneys for Petitioner

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> Writers Guild of America, West, Inc. | **DEFENDANTS** <br> Bright Ideas Entertainment, LLC |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Katya J. Culberg SBN 215288 <br> Writers Guild of America, West, Inc. 7000 W 3rd St., Los Angeles, CA 90048 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity )

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl Ret Inc Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10 4834**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s).

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s).

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                        ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                        ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                        ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date June 29, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended (42 U.S.C. (g)) |

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV10- 4834 PA (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.